NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 6 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MERLI CAROLINA VALDEZ-MERIDA | No. 21-71018 |
| Petitioner, | Agency No. A209-902-811 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2026**
Pasadena, California

Before: FORREST, DESAI, and DE ALBA, Circuit Judges.

Petitioner Merli Carolina Valdez-Merida, a native and citizen of Guatemala,

seeks review of the Board of Immigration Appeals' ("BIA") dismissal of her

appeal of an Immigration Judge's ("IJ") decision denying her applications for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  Petitioner's claims for relief are based on her fear of harm from her late husband's family because of her membership in the proposed particular social group of "women in Guatemala who are defenseless."  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.  The BIA's decision turned on Petitioner's failure to establish nexus, and Petitioner does not meaningfully challenge that determination, which is dispositive with respect to her claims for asylum and withholding of removal.  *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).  Petitioner did not raise any nexus argument in her opening brief, *see Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005), and the nexus arguments in her reply brief were conclusory, *see Eberle v. City of Anaheim*, 901 F.2d 814, 817–18 (9th Cir. 1990); *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1075 n.22 (9th Cir. 2019).  By failing to make any meaningful arguments in her briefing, *Santana-Gonzalez v. Bondi*, 172 F.4th 736, 741–42 (9th Cir. 2026), Petitioner forfeited the nexus issue, *See Riera-Riera*, 841 F.3d at 1081.  And we decline to exercise our discretion to reach the issue.  *Cf. Alonso-Juarez v. Garland*, 80 F.4th 1039, 1046 (9th Cir. 2023).

2.  Substantial evidence supports the BIA's determination that Petitioner did not establish the state action required to establish eligibility for CAT

protection. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) ("We review the BIA's denials of . . . CAT relief for 'substantial evidence.'"). To qualify for CAT relief, a petitioner "must establish that 'it is more likely than not that . . . she would be tortured if removed to the proposed country of removal.'" *Id.* at 1033 (quoting 8 C.F.R. § 208.16(c)(2)). Such "torture must be 'inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.'" *Id.* (quoting *Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir. 2003)); 8 C.F.R. § 1208.18(a)(1). Neither Petitioner's limited country conditions evidence nor her explanation for why she did not report the harassment from her late husband's family to the police establish the Guatemalan government's consent or acquiescence to her alleged harm. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (finding that "generalized evidence of violence and crime" are insufficient to establish acquiescence); *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence."). Because Petitioner failed to meet her burden to establish a likelihood of torture with government consent or acquiescence, we deny the petition as to her CAT claim. *See Garcia-Milian*, 755 F.3d at 1035.

**PETITION DENIED.**